IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **RUTH SMITH,** individually and on behalf of all others similarly situated, <br><br> *Plaintiff,* <br><br> v. <br><br> **CUISINE SOLUTIONS, INC.,** a Delaware corporation, <br><br> *Defendant.* | CASE NO. <br><br><br> **CLASS ACTION COMPLAINT** <br><br><br> **JURY TRIAL DEMANDED** |

### CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Ruth Smith ("Plaintiff" or "Smith") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Cuisine Solutions, Inc. ("Defendant" or "Cuisine Solutions") to stop Defendant's practice of selling food products with inaccurate Nutrition Facts labels and to obtain redress for all persons injured by its conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### NATURE OF THE ACTION

1. Defendant Cuisine Solutions is a food manufacturer based in Sterling, Virginia.

2. Defendant claims to specialize in the sous-vide method of cooking and meal preparation.

3. One of Defendant's food products is its Sous-Vide Oatmeal Bites.

4. Defendant formulated, manufactured, warranted, advertised, and sold its Sous-Vide Oatmeal Bites through the United States.

5. Unfortunately for consumers, who rely upon Defendant's advertising and product label claims in deciding to purchase Defendant's Sous-Vide Oatmeal Bites, the packaging of Defendant's Sous-Vide Oatmeal Bites do not contain accurate Nutrition Facts label statements.

6. Specifically, Defendant's Nutrition Facts label statements on the packaging of its Sous-Vide Oatmeal Bites significantly understate the Daily Reference Value ("DRV") of Total Carbohydrate in a serving of Defendant's Sous-Vide Oatmeal Bites.

7. Federal regulations, 21 C.F.R. §101.9(c)(9), provide the DRVs, which are based on a daily caloric intake of 2000 calories, for various nutrients. One such nutrient is Total Carbohydrates. The DRV for Total Carbohydrates provided by federal regulations is 275 grams for adults and children 4 years of age or older.

8. Defendant's Nutrition Facts label statements on the packaging of its Sous-Vide Oatmeal Bites states that one serving contains 41 grams of Total Carbohydrates, yet represents that the Total Carbohydrates in a serving of its Sous-Vide Oatmeal Bites represents only 1% of the DRV. This is a gross understatement: 1% of the DRV for Total Carbohydrates would be 2.75 grams, not 41 grams as Defendant inaccurately and deceptively represents.

9. Thus, Defendant's Nutrition Facts label statements on its Sous-Vide Oatmeal Bites understates the DRV in a serving by nearly 15 fold.

10. Defendant's overstatement of key nutritional information is so substantial and deviates well beyond the bounds of any margin of error, that had Plaintiff and members of the Class known of the true nutritional value of Defendant's Sous-Vide Oatmeal Bites, they would not have purchased the product.

11. Defendant had no reasonable basis to believe that the Nutrition Fact statements on its labels were accurate and therefore knew, or should have known, that the labeling on its Sous-Vide Oatmeal Bites was deceptive, misleading, and failed to comply with applicable laws and regulations. Nevertheless, Defendant continues to advertise, distribute, label, market, and sell its Sous-Vide Oatmeal Bites.

12. As a result of Defendant's unlawful and deceptive conduct, Plaintiff Smith and the members of the alleged Class seek actual and statutory damages, injunctive relief, declaratory relief, costs, and reasonable attorneys' fees.

## PARTIES

13. Plaintiff Ruth Smith is a natural person and citizen of the Commonwealth of Virginia.

14. Defendant Cuisine Solutions, Inc. is a corporation organized and existing under the laws of the State of Delaware with headquarters located at 22445 Sous Vide Lane, Sterling, Virginia 20166. Defendant conducts business throughout the Commonwealth of Virginia and this District.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"), because the alleged Class consists of over 100 persons, there is minimal diversity, and the claims of the class members when aggregated together exceeds $5 million. Further, none of the exceptions to CAFA applies.

16. This Court has personal jurisdiction over Cuisine Solutions because it is registered to conduct business in the Commonwealth of Virginia, it conducts significant amounts

of business transactions within this District, it is headquartered in this District, and the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

17. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because both Plaintiff and Defendant reside in this District and the causes of action arose, in substantial part, in this District.

## COMMON FACTUAL ALLEGATIONS

18. The FDA is responsible for assuring that foods sold in the United States are properly labeled.

19. The Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301, *et seq.*, and the Fair Packaging and Labeling Act ("FPLA") are the federal statutes governing food products under the FDA's purview.

20. The National Labeling and Education Act ("NLEA"), which amended the FDCA, requires most food to bear food labels and requires that the labels contain nutrient content claims that comply with federally-mandated requirements.

21. Defendant's Sous-Vide Oatmeal Bites constitutes a food as that term is defined under federal law and thus must comply with the FDCA's requirements, as well as complying with the related FDA regulations codified at 21 C.F.R. § 101.9.

22. Defendant's misleading statements on its labels render its Sous-Vide Oatmeal Bites misbranded as that term is defined in 21 U.S.C. § 343, *et. seq.*

## FACTS SPECIFIC TO PLAINTIFF SMITH

23. Plaintiff Smith fell victim to Defendant's mislabeled Sous-Vide Oatmeal Bites.

24. Smith purchased Defendant's Sous-Vide Oatmeal Bites on February 21, 2020 at a Costco store located at 21398 Price Cascade Plaza in Sterling, Virginia.

25. Smith purchased Defendant's Sous-Vide Oatmeal Bites for her own consumption.

26. Smith purchased Defendant's Sous-Vide Oatmeal Bites in part based on the aforementioned misrepresentations concerning the Sous-Vide Oatmeal Bites' nutrient content.

27. Plaintiff would not have purchased and consumed the Sous-Vide Oatmeal Bites had she known the truth about the product's nutrient content.

28. Below are photographs of the Sous-Vide Oatmeal Bites purchased by Plaintiff:





29. Smith is a member of the alleged Class pleaded herein, who all purchased Defendant's Sous-Vide Oatmeal Bites during the relevant time period.

30. Smith and the other members of the Class were misled by Defendant's misrepresentations and would not have purchased the Sous-Vide Bites if they had not been deceived by the inaccurate nutrient label.

## CLASS ALLEGATIONS

31. Plaintiff Smith brings this action pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3) on behalf of herself and two classes defined as follows:

**Sous-Vide Oatmeal Bite Purchaser Class**: All persons in the United States who from the beginning of any applicable statutory limitations period through the present purchased Defendant's Sous-Vide Oatmeal Bites where the nutrient label on the packaging of the Sous-Vide Oatmeal Bites misrepresented the DRV of Total Carbohydrates contained in a serving.

32. The following people are excluded from the Class: any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons. Plaintiff anticipates the potential need to amend the Class Definition following the completion of class discovery regarding the size and scope of the Class.

33. **Numerosity**: The exact size of the Class is unknown and not available to Plaintiff at this time, but individual joinder is impracticable. On information and belief, there are hundreds or thousands of consumers who purchased Defendant's Sous-Vide Oatmeal Bites and who fall into the definition of the Class. Members of the Classes can be easily identified through Dominion Capital Mortgage's records and by reference to objective criteria.

34. **Commonality**: There are several questions of law and fact common to the claims of Plaintiff and the Class on which every class member's claim will either succeed or fail, and which will be proven using common evidence. Such common questions for the Class include, without limitation:

  (a) Whether the product was mislabeled;

  (b) Whether the DRV of Total Carbohydrates on the nutrient label of the product is accurate;

  (c) Whether Defendant violated federal labeling requirements;

 (d) Whether Defendant breached express warranties to Plaintiff and Members of the Class;

 (e) Whether Defendant violated the Virginia Consumer Protection Act;

 (f) Whether Defendant was unjustly enriched at the expense of Plaintiff and the Class; and

 (g) Whether Plaintiff and the Class are entitled to injunctive relief.

35. **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff is a member of the Class, and if Defendant's labeling violated the law as it relates to Plaintiff then it violated the law as it relates to other Class members. Plaintiff and the Classes sustained damages as a result of Defendant's uniform wrongful conduct during transactions with Plaintiff and the Class.

36. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

37. **Policies Generally Applicable to the Classes**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes as respective wholes, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members, and making final injunctive relief appropriate with respect to the Classes as respective wholes. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as respective wholes, not on facts or law applicable only to Plaintiff.

38. **Predominance:** The common questions of law and fact set forth above predominate over any individual issues.

39. **Superiority and Manageability:** This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

### FIRST CAUSE OF ACTION
### Breach of Express Warranties
### (On behalf of Plaintiff and the Class)

37. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

38. Defendant made express warranties and representations in respect to the Sous-Vide Oatmeal Bites' nutrient content, namely the DRV percentage of Total Carbohydrates contained in a serving.

39. Defendant's labeling on its Sous-Vide Oatmeal Bites packaging were made directly to consumers and end purchasers of the product, constitute express warranties, and

became part of the basis of the bargain between the Parties.

40. Thus, a collective "express warranty" was created that the Sous-Vide Oatmeal Bites would conform to Defendant's affirmations and promises.

41. Defendant breached express warranties about its Sous-Vide Oatmeal Bites because Defendant's statements about the product were false and the product doesn't conform to Defendant's affirmations and promises, as described above.

42. Defendant's conduct constitutes a breach of express warranties under UCC 2-313, as adopted by the follow state statutes:

> Ala. Code § 7-2-313, et seq.; Alaska Stat. § 45.02.313, et seq.; Ariz. Rev. Stat. § 47-2313, et seq.; Ark. Code § 4-2-313, et seq.; Cal. Com. Code § 2313, et seq.; Colo. Rev. Stat. § 4-2-313, et seq.; Conn. Gen. Stat. § 42a-2-313, et seq.; 6 Del. C. § 2-313, et seq.; D.C. Code § 28:2-313, et seq.; Fla. Stat. § 672.313, et seq.; O.C.G.A. § 11-2-313, et seq.; Haw. Rev. Stat. § 490:2-313, et seq.; Idaho Code § 28-2-313, et seq.; 810 Ill. Comp. Stat. 5/2-313, et seq.; Ind. Code § 26-1-2-313, et seq.; Iowa Code § 554.2313, et seq.; Kan. Stat. § 84-2-313, et seq.; Ky. Rev. Stat. § 355.2-313, et seq.; La. Rev. Stat § 9:2800.53(6) , et seq.; 11 M.R.S.A. § 2-313, et seq.; Md. Code Ann., Com. Law § 2-313, et seq.; Mass. Code 106, § 2-313, et seq.; Mich. Comp. Laws 440.2313, et seq.; Minn. Stat. § 336.2-313, et seq.; Miss. Code § 75-2-313, et seq.; Mo. Rev. Stat. § 400.2-313, et seq.; Mont. Code § 30-2-313, et seq.; Neb. U.C.C. § 2-313, et seq.; Nev. Rev. Stat. § 104.2313, et seq.; N.H. Rev. Stat. § 382-A:2-313, et seq.; N.J. Stat. § 12A:2-313, et seq.; N.M. Stat. § 55-2-313, et seq.; N.Y. U.C.C. § 2-313, et seq.; N.C. Gen. Stat. § 25-2-313, et seq.; N.D. Cent. Code § 41-02-30, et seq.; Ohio Rev. Code § 1302.26, et seq.; Okla. Stat. Tit. 12A, § 2-313, et seq.; Or. Rev. Stat. § 72.3130, et seq.; 13 Pa. Cons. Stat. § 2313, et seq.; R.I. Gen. Laws § 6A-2-313, et seq.; S.C. Code § 36-2-313, et seq.; S.D. Codified Laws § 57A-2-313, et seq.; Tenn. Code § 47-2- 313, et seq.; Tex. Bus. & Com. Code § 17.50; V.T.C.A., Bus. & C. § 2.313, et seq.; Utah Code § 70A-2-313, et seq.; Vt. Stat. Tit. 9A, § 2-313, et seq.; Va. Code § 8.2-313, et seq.; Wash. Rev. Code § 62A.2-313, et seq.; W. Va. Code § 46-2-313, et seq.; Wis. Stat. § 402.313, et seq.; and Wyo. Stat. § 34.1-2-313, et seq.

43. As a result of Defendant's breach of warranty, Plaintiff and the Class have suffered actual damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### Unjust Enrichment
### (On behalf of Plaintiff and the Class)

44. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

45. Plaintiff and the other members of the Class conferred benefits on Defendant by purchasing its Sous-Vide Oatmeal Bites.

46. Defendant has been unjustly enriched in retaining the revenues derived from the purchases of the Sous-Vide Oatmeal bites by Plaintiff and the Class.

47. Retention of those monies under these circumstances is unjust and inequitable because Defendant's labeling of the product was misleading to consumers, which caused damages to Plaintiff and the Class because they would not have purchased the product (or would have paid less for the product) had they known the true nutrient facts.

48. Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiff and the Class is unjust and inequitable, Defendant must pay restitution to Plaintiff and the Class, as Ordered by the Court.

## THIRD CAUSE OF ACTION
### Violations of Virginia Consumer Protection Act, 59.1-200, *et. seq.*
### (On behalf of Plaintiff and the Class)

49. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

50. Va. Code Ann. § 59.1–200(A)(5) prohibits "[m]isrepresenting that goods or services have certain quantities, characteristics, ingredients, uses, or benefits."

51. Va. Code Ann. § 59.1–200(A)(6) prohibits "[m]isrepresenting that goods or services are of a particular standard, quality, grade, style, or model."

52. Va. Code Ann. § 59.1–200(A)(14) prohibits "[u]sing any other deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction."

53. Defendant's mislabeling of its Sous-Vide Oatmeal Bites, as described in this Complaint, violates such provisions.

54. Cuisine Solutions, Inc. is headquartered in Virginia and its unlawful conduct described herein thus falls under the purview of the Virginia Consumer Protection Act.

55. Under Va. Code Ann. § 59.1–204, Plaintiff and the Class are entitled to statutory damages in the amount of $500 per violation. If the violations are deemed willful, Plaintiff and the Class are entitled to statutory damages in the amount of $1,000 per violation. Plaintiff and the Class are also entitled to the recovery of costs and reasonable attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Ruth Smith, individually and on behalf of the Class, prays for the following relief:

1. An order certifying the Class as defined above, appointing Plaintiff Ruth Smith as the representative of the Class and appointing her counsel as Class Counsel;

2. A declaratory judgment declaring that Defendant's conduct violates federal labeling requirements,

3. An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, as applicable, to be increased to $1,000 in the VCPA context in the event the Court finds that Defendant has acted willfully, to be paid into a common fund for the benefit of the Plaintiff and the other Class Members;

4. An injunction requiring Defendant and its agents to cease selling mislabeled products, and otherwise protecting the interests of the Classes;

5. An award of reasonable attorneys' fees and costs to be paid from the common fund; and

6. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: March 10, 2020

**RUTH SMITH**, individually and on behalf of all others similarly situated,

By: ___/s/ Francis J. Driscoll, Jr.___
One of Plaintiff's Attorneys

Francis J. Driscoll, Jr.
(frank@driscolllawoffice.com)
Law Office of Frank J. Driscoll Jr. PLLC
4669 South Blvd., Suite 107
Virginia Beach, VA 23452
Telephone: 757-321-0054
Facsimile: 757-321-4020

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Classes

* *Pro Hac Vice* Admission to Be Sought