UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTIRCT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| RUTH SMITH, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>    Plaintiff,<br><br>v.<br><br>CUISINE SOLUTIONS, INC.,<br><br>    Defendant. | Case No. 1:20-cv-00267-LMB-IDD |

**DEFENDANT'S MOTION TO DISMISS**
<u>**FIRST AMENDED CLASS ACTION COMPLAINT**</u>

Defendant Cuisine Solutions, Inc. ("Cuisine Solutions"), pursuant to Rules 9(b) and 12(b)(1) of the Federal Rules of Civil Procedure, respectfully moves for an order dismissing this action, with prejudice, and alternatively to stay these proceedings with the exception of permitting the parties to conduct limited jurisdictional discovery related to whether the $5,000,000 jurisdictional threshold required by the Class Action Fairness Act can be met, and as grounds, states as follows:

1. Plaintiff's Class Action Complaint seeks monetary damages and injunctive relief based on a minor, inadvertent, unintentional typographical error on the nutrition facts panel on Cuisine Solutions' Sous Vide Oatmeal Bites product ("Oatmeal Bites Product").

2. This Court lacks subject matter jurisdiction over Plaintiff and the purposed class members' claims inasmuch as the aggregate value of recoverable damages does not meet the $5,000,000 threshold required by the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d).

3. The Class Action Complaint also should be dismissed with prejudice because neither Plaintiff nor any of the purported members of the class has alleged, nor can they prove, that have they sustained any injuries or losses based on the minor, inadvertent typographical error on the nutrition facts panel on the Oatmeal Bites Product.

4. The Class Action Complaint also should be dismissed because Plaintiff did not allege with the particularity required by Fed.R.Civ.P. 9(b) that she and the class relied upon the alleged misrepresentation on the nutrition facts panel of the Oatmeal Bites Product in purchasing it. Moreover, Plaintiff's allegation in Paragraph 27 of the Amended Complaint that she would not have purchased the Oatmeal Bites Product "had she know the truth about the product's nutrient content" does not hold water given that the correct number of grams of carbohydrates per serving is contained on the nutrition facts panel immediately to the left of the alleged incorrect Daily Value Percentage.

5. No reasonable consumer, including the members of the purported class, would have been misled by the minor, inadvertent typographical error on the nutrition facts panel, assuming – which is unlikely – that they turned the package around, reviewed that panel, and relied thereon when making their decision to purchase the Oatmeal Bites Product.[1]

---

[1] Although this issue is more typically briefed during the class certification phase, it is important to note that this action is not appropriate for class certification because, *inter alia*, individualized analyses will be required to determine whether each absent class member relied upon the alleged misrepresentations on the nutrition facts panel in their purchasing decisions. The general statement in the Amended Complaint that "[r]easonable consumers, including the Plaintiff and members of the alleged Class, relied on Defendant's representations regarding the

6. Plaintiff lacks Article III standing to seek injunctive relief because no reasonable future likelihood of injury has been alleged and cannot possibly be proven, because the Oatmeal Bites Product is no longer being sold in stores or online.

7. Finally, the Class Action Complaint should be dismissed because class actions may not be maintained under the Virginia Consumer Protection Act. Va. Code. 59.1-196 *et seq.*

8. Defendant Cuisine Solutions adopts and incorporates its Brief in Support of Motion to Dismiss which is filed contemporaneously herewith.

WHEREFORE, Defendant Cuisine Solutions respectfully requests that this Motion to Dismiss be granted and Plaintiff's Class Action Complaint be dismissed with prejudice.  In the alternative, Cuisine Solutions requests that this Court stay these proceedings with the exception of permitting the parties to conduct limited jurisdictional discovery related to whether the $5,000,000 jurisdictional threshold required by CAFA can be met.

---

nutrition content of its food products when making the decision to purchase the product, and suffered damages in the form of payment and overpayment for the deceptively-mislabeled product" (Amended Complaint ¶ 59) is implausible with respect to a substantial percentage of the alleged class given that not all consumers review the nutrition facts pane.  *See* https://foodinsight.org/wp-content/uploads/2019/01/IFIC-FDN-AHA-Report.pdf, at 3 (finding that less than 70% of consumers *who are concerned about food healthfulness* review the nutrition facts panel).  Specifically, the Complaint's class action allegations should be stricken because they do not and cannot meet the predominance requirement of Fed.R.Civ.P. 23(b)(3), inasmuch as individual questions of law and fact predominate, especially with respect to reliance.  Consumers who never reviewed the nutrition facts panel did not rely on it in their purchasing decisions, did not sustain injury or damages, and cannot be members of any alleged class.  Moreover, the Plaintiff's proposed class definition is, beyond dispute, overbroad inasmuch as it includes persons who did not rely upon the allegedly misleading information on the nutrition facts panel and did not sustain injury or damages

Respectfully submitted this 12th day of June 2020.

By:   /s/ *George A. Somerville*
George A. Somerville (VSB No. 22419)
Harman Claytor Corrigan & Wellman
Post Office Box 70280 Richmond, VA 23255
(804) 677-5028 (telephone)
(804) 729-0652 (facsimile)
gsomerville@hccw.com

Stewart D. Fried (admitted *pro hac vice*)
Olsson Frank Weeda Terman Matz PC
2000 Pennsylvania Avenue, N.W., # 3000
Washington, D.C. 20006
(202) 518-6326 – Direct Dial
(202) 747-3140 – Facsimile
sfried@ofwlaw.com

*Attorney for Defendant Cuisine Solutions Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of June 2020, a copy of the foregoing document was served via the CM/ECF system, which automatically sends notice of a copy of the filing to all counsel of record.

/s/ *George A. Somerville*
George A. Somerville